Dear Mr. Jenkins:
We are in receipt of your request for an Attorney General's Opinion regarding the environmental protection and monitoring of the Louisiana Offshore Oil Port (LOOP) facilities and it operations.
Your first question asks whether the Louisiana Offshore Terminal Authority (LOTA) Board of Commissioners has been transferred to the Secretary of the Department of Transportation and Development (DOTD). Your second set of questions concerns the proper procedure, necessary approvals, and the role of the Three Directors, the Program Review Committee (PRC), the United States Coast Guard Captain of the Port, Louisiana Offshore Oil Port, Inc. (LOOP), the Department of Wildlife Fisheries, and the Secretary of DOTD in making changes to the environmental monitoring program. Your final question asks whether there is any conflict of interest regarding the Department of Wildlife and Fisheries dual role as one of the Three Directors and as the approved party conducting the monitoring program.
STATUTORY AND REGULATORY HISTORY
In 1972, by Act 444, the Louisiana Legislature created Chapter 35 of Title 34, the Offshore Terminal Authority (LOTA). The purpose was to provide for the creation of a state agency to: "promote, plan, finance, develop, construct, control, license, regulate, supervise, operate, manage, maintain and/or modify offshore terminal facilities . . ." R.S. 34:3101A. It was further specifically provided that one object and purpose of the act was to "protect environmental values in Louisiana's unique coastal marsh and ecosystem through the adoption of an environmental protection plan." R.S. 34:3101B(5). Section 3113 provides for an environmental protection plan and requires "throughout all aspects of the authority development program there shall be in existence an environmental protection plan . . ." R.S. 34:3113J.
In 1977, the Louisiana Legislature, by Act 83, transferred the functions, powers, duties, responsibilities, programs, and operations of LOTA to the Secretary of DOTD. The Board of Commissioners continued in existence after passage of Act 83, but in an advisory capacity to the Secretary with respect to policies concerning matters within the purview of LOTA as originally created. See R.S. 36:901A.
In response to your first question, it is the option of this Office that the responsibilities and powers of the Board of Commissioners have been transferred to the Secretary of DOTD, who now exercises the authority previously held by the Board of Commissioners.
In 1977, pursuant to R.S. 34:3113, the current Environmental Protection Plan was adopted in accordance with the rule making procedures of the Louisiana Administrative Procedure Act, R.S. 49:951 et seq.
Chapter 5, Section 6, of the Environmental Protection Plan provides for a monitoring program and states, in part:
 b — The Authority shall establish and maintain, with the approval of the Department of Wildlife and Fisheries, such monitoring programs as recommended by the three Directors and approved by the Board of Commissioners. Any Monitoring program approved hereunder shall be designed to accomplish only the surveillance of the Authority development program and shall include, but not be limited to, monitoring of:
 (1) The environmental stresses caused by oil spills and other polluting instances;
 (2) The air and water pollution levels in the Louisiana coastal environmental;
(3) The offshore water column and offshore benthos;
 (4) Shoreline, estuarine marsh, and freshwater swamp vegetation and fauna;
 (5) The number, movement, and spawning and breeding cycles of wildlife in the Louisiana coastal environment;
(6) Saltwater intrusion;
(7) Water circulation and drainage; and
 (8) Shoreline erosion and erosion along pipeline canals.
 c — The Authority shall take necessary measures to enter into an agreement with the Department of Wildlife and Fisheries regarding the development and implementation of a monitoring program undertaken by appropriate public and private persons selected by the Board of Commissioners pursuant to R.S. 34:3113J(4).
Pursuant to this section, the Board of Commissioners on January 27, 1977 adopted resolution number 1-77-02 approving the Environmental Monitoring Plan. This resolution required LOTA to enter into an agreement with the Department of Wildlife and Fisheries regarding implementation of the environmental monitoring program.
The original Act 44 of 1972 required that the environmental protection plan: "Present details of how the operational aspects of the authority development program will be conducted so as to minimize environmental problems, including but not limited to a monitoring program by the Louisiana Wild Life and Fisheries Commission . . ." This provision was changed in 1974 to require that the monitoring program be accomplished by "appropriate public or private persons selected by the Board of Commissioners." R.S. 34:3113J. By letter dated June 8, 1979, to Mr. Barney Barrett of the Department of Wildlife and Fisheries from Mr. Shepard F. Perrin, Executive Director of LOTA, Mr. Perrin stated:
 The LOOP Monitoring Program is being carried out by Wildlife and Fisheries for the Authority as per agreement . . . of September 15, 1977. The pertinent paragraph is quoted:
 "There appears to be full agreement that the Department of Wildlife and Fisheries will supervise and control the Environmental Monitoring Program on behalf of the Authority. Implementation and coordination will include working with the LSU Center for Wetland Resources and LOOP, Inc. as necessary to carry out the EMP.
 Although the Legislature in 1974 eliminated the 1972 provision that environmental monitoring be done by Wildlife and Fisheries the OTA Board of Commissioners reinstated it by resolution. . . on January 27, 1977. . . .
While the law was changed, it appears LOTA's intent was for the Department of Wildlife and Fisheries to continue to supervise and control the monitoring program. In fact, from the inception of the monitoring program until December 1995, LOOP contracted with the Department to carry out environmental monitoring.
The substantive provisions of the Monitoring Plan were revised in 1986, but no changes were made with respect to the responsibility of the Department of Wildlife and Fisheries. The 1986 Monitoring Plan is the presently existing environmental monitoring plan and provides the specific monitoring requirements and reporting required pursuant to the guidelines in the Environmental Protection Plan. The Monitoring Plan includes requirements for the monitoring of meteorological and sea conditions, liquid and gaseous effluents, ecologic monitoring, and monitoring of accidental or unauthorized discharges.
To implement the Monitoring Plan, LOOP, a private organization, contracted with the Louisiana Department of Wildlife and Fisheries to perform monitoring for the wetlands/surface waters and offshore/nearshore zones. LOOP contracted with the Coastal Ecology Laboratory, Center for Wetland/Resources, Louisiana State University for terrestrial and atmospheric monitoring. The contracts were for one year periods and renewed for each subsequent year. Near the end of 1995, LOOP did not contract with the Department of Wildlife and Fisheries to continue to carry out wetlands/surface waters and offshore/near water zones monitoring for 1996. LOOP did enter into a one month contract with LSU for "the field collection of the LOOP Inc., (LOOP) monitoring program samples necessary to fulfill the requirements of the marine/estuarine portion of the Louisiana Offshore Terminal Authority (LOTA) environmental monitoring program by Louisiana State University (LSU) Center for Coastal Energy and Environmental Resources (CCEER)."
PROCEDURAL REQUIREMENTS FOR ENVIRONMENTAL MONITORING PLANAMENDMENTS
R.S. 34:3113E provides the method by which the Environmental Protection Plan may be amended. Proposed amendments may come from any of the Three Directors or from any interested person. Amendments must be approved by the Secretary of DOTD, and promulgated pursuant to the Louisiana Administrative Procedures Act. The "Three Directors" are defined as the Executive Director of the Louisiana Offshore Terminal Authority, the Director of the Louisiana Wildlife and Fisheries Commission, and the Director of the Louisiana State University Center for Wetlands Resources. R.S. 34:3102(15).
Amendments to the Environmental Monitoring Plan must be made as provided in the Environmental Protection Plan. Amendments specific to ecological monitoring must also be made as provided in the Monitoring Plan. Additionally, research in support of the Environmental Protection Plan must be coordinated by agreement of the Three Directors. R.S. 34:3113H.
Chapter 3 of the Environmental Monitoring Plan, entitled Ecological Monitoring, provides the procedure for changing those parts of the monitoring program described in Chapter 3 and 4 of the Monitoring Plan. Chapter 3 provides for monitoring of wetlands/surface waters and offshore/nearshore zones, terrestrial and atmospheric regions, and quality control. Chapter 4 provides for monitoring of incidents, radiological monitoring, and reports and data processing. The procedure to make changes to the monitoring plan is found in Section 3.1 of Chapter 3 and provides as follows:
 The station locations, numbers of stations, frequency of sampling and parameters sampled, as described in this program, are subject to changes. As the data becomes available and is analyzed, the Environmental Monitoring Program, as described in Chapter 3 and 4 of this manual may be altered. This will be determined by the "Three Directors" and the Coast Guard, Captain of the Port based on observations from the monitoring program and the recommendations of the Program Review Committee (PRC). The "Three Directors" are defined in the Environmental Protection Plan, dated March 29, 1977 of the Louisiana Offshore Terminal Authority as the Executive Director of the Louisiana Offshore Terminal Authority, the Director of the Louisiana Wildlife and Fisheries Commission, and the Director of the Louisiana State University Center for Wetland Resources. Actual field sampling may show that some stations should be relocated or omitted. Stations or parameters may be added or discontinued if there is sufficient justification, based on an analysis of existing data. The Program Review Committee will continue to function as the technical advisory group to the "Three Directors", and it will continue to meet at least quarterly during the operational phase environmental monitoring of the LOOP project. The PRC will continue to review existing data and recommend additions or deletions. The Committee will continue to consult with government agencies at all levels and other interested persons in the further refinement of this operational monitoring program. The PRC will now be composed of members representing the Offshore Terminal Authority, the Department of Wildlife and Fisheries, the Louisiana State University Center of Wetlands Resources, the USCG Captain of the Port and LOOP. The Committee's role will continue to be only advisory with the "Three Directors" and the Coast Guard Captain of the Port retaining the right to approve or reject recommendations.
Essentially, the Monitoring Plan requires that changes to the Monitoring Plan must be approved by the Three Directors and the Coast Guard Captain of the Port.
Chapter 5, Section 6 of the Environmental Protection Plan states that the Authority shall establish and maintain, withapproval of the Department of Wildlife andFisheries, such monitoring programs as recommended by the Three Directors and approved by the Board of Commissioners. Additionally, this section provides that the Authority shall take necessary measures to enter into an agreement with theDepartment of Wildlife and Fisheries regarding the development and implementation of a monitoring program.
The Environmental Protection Plan requires that any changes to the Monitoring Plan must be approved by the Secretary of DOTD, with the advice of the Board of Commissioners, and the approval of the Department of Wildlife and Fisheries.
It is clear from the language of the Environmental Protection Plan that the Department of Wildlife and Fisheries has an important role in the development and implementation of the monitoring program. They, along with the Secretary of Department of Transportation and Development, must approve any changes to the Monitoring Plan before such changes can be implemented.
It is the opinion of this Office that under the current Environmental Protection Plan and current Environmental Monitoring Plan the above procedure must be met and above approvals must be acquired before changes may be made to the Environmental Monitoring Plan.
It is also the opinion of this Office, that under the current Environmental Protection Plan and Environmental Monitoring Plan, due to the supervision and control over the ecological monitoring by the Department of Wildlife and Fisheries, such ecological monitoring required by the Monitoring Plan must be by agreement between LOTA, i.e. Secretary of DOTD, and the Department of Wildlife and Fisheries. This includes monitoring by the Department of Wildlife and Fisheries or by contract with other parties.
Your final question asks whether there is any conflict of interest regarding the Department of Wildlife and Fisheries dual role as one of the three directors and as the approved party conducting the monitoring program. Questions concerning ethics or conflict of interest are addressed in the Code of Governmental Ethics, R.S. 42:1101 et seq., and should be directed to the Commission on Ethics for Public Employees. While we defer to the opinion of the Ethics Commission, we note your question concerns a possible conflict of interest by one state agency with regard to the authority of another state agency. We believe that given these circumstances, this question is best resolved by the secretaries of the two departments and the governor.
I trust this opinion answers your questions. Should you need further assistance in this matter, please do not hesitate to contact our office.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ________________________________________
 Frederick C. Whitrock Assistant Attorney General
RPI/FCW/tp
cc: Honorable Murphy J. Foster, Governor
Frank Denton, Secretary, LDOTD